**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

CLIFFORD KEVIN LAFLEUR                                                                    PLAINTIFF
ADC #124268

v.                                                   3:20-cv-00147-DPM-JJV

RICKY DAVIS,
Lieutenant, Grimes Unit, ADC.                                                         DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District

Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.  An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Plaintiff, Clifford Kevin LaFleur, is a prisoner in the Grimes Unit of the Arkansas Division

of Correction).    He has filed a *pro se* Complaint alleging Defendant Lieutenant Ricky Davis

violated his constitutional rights as protected by 42 U.S.C. § 1983.  (Doc. No. 2.)  For the following

reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim

upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c)

seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v.*

*Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

III.    ANALYSIS

Plaintiff says that on April 15, 2020, Defendant Davis granted his request to go to the infirmary. (Doc. No. 2.) After doing so, Defendant Davis allegedly "harassed" Plaintiff about

this stutter by "trying to speak like me and saying next time just say it instead of rapping it." (*Id.* at 2.)   It is well settled that name calling, vulgar language, and verbal harassment does not rise to the level of a constitutional violation.  *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993). Thus, Defendant Davis's alleged comments - while unprofessional and insensitive – are insufficient to state a plausible claim upon which relief may be granted.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Complaint (Doc. No. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.    Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."